# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH ARRIETA, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 13 C 6765 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| WEXFORD HEALTH SOURCES, INC., DR. IMAHOPT CARTER, DR. DUBERTY, a.k.a. DR. DUBRICK, and ROYCE BROWN REED, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Joseph Arrieta, an inmate in the Illinois Department of Corrections, injured his right shoulder while lifting weights and when denied appropriate treatment for his shoulder pain, sued Defendants Wexford Health Sources, Inc. ("Wexford"), Dr. Imahopt Carter, Dr. Duberty, also known as Dr. Dubrick, and Royce Brown Reed for deliberate indifference to his serious medical needs associated with this injury, under 42 U.S.C. § 1983. Defendant Royce Brown Reed moves to dismiss Count IV on the basis that the Seventh Circuit has determined that a failure in a grievance process does not create a federal right of action under § 1983 [41]. Because Arrieta has sufficiently pleaded a deliberate indifference claim against Reed under the Eighth Amendment, Reed's motion is denied.

## BACKGROUND[1]

Arrieta, an inmate of the Illinois Department of Corrections, began complaining of right shoulder pain to the Health Care Unit at Stateville Correctional Center on August 8, 2011. He

---

[1] The facts in the background section are taken from Arrieta's First Amended Complaint and are presumed true for the purpose of resolving Reed's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

was examined by a physician assistant, who noted decreased range of motion and strength in Arrieta's right shoulder and pain when Arrieta raised his arm. Arrieta was proscribed Naprosyn and heat. Arrieta returned to the Health Care Unit on November 28, 2011, February 8, 2012, and February 13, 2012, complaining of right shoulder pain. Arrieta was given physical exams, a shoulder sling, toradol, and flexeril. X-rays were taken and Arrieta was referred to the medical director at least twice. On February 21, 2012, still complaining of right shoulder pain, Arrieta was seen by Duberty/Dubrick who stated Arrieta had a ligament tear and increased Arrieta's Tramadol. Arrieta requested an orthopedic referral and an MRI, but Duberty/Dubrick told him that Wexford would not pay for an MRI, a referral, or surgery. On March 22, 2012, Dr. Carter saw Arrieta and recorded chronic right shoulder pain. Arrieta also complained to Carter about neck, arm, and hand pain. Carter diagnosed Arrieta with "tendonitis status post weight lifting injury," increased Arrieta's Ultram, and prescribed physical therapy. First Amended Complaint ("Compl.") ¶ 6. Carter told Arrieta that he would put him on a therapy list "and that it would take one year." *Id.*

Arrieta filed grievances about his failure to receive appropriate medical care for his right shoulder and other medical issues on or about January 15, 2012, March 6, 2012, and November 8, 2012. Those grievances specifically stated that Stateville, Wexford, the Medical Director and the Health Care Unit "delayed, denied and failed to provide medical care, proper diagnosis, and outside orthopedic examination and care, and appropriate imaging, including MRI/CT for [his] shoulder injuries of August 8, 2011 and February 13, 2012, and [the] continuing condition of his shoulder . . . and failed to provide and delayed pain medication for Arrieta's neck, shoulder, knee[,] back[,] and hips." *Id.* ¶ 41.

Reed was the Health Care Administrator at Stateville for the times relevant to Arrieta's Complaint. As Health Care Administrator, Reed had direct knowledge of Arrieta's injuries, refused to recommend the appropriate treatment or appropriately answer Arrieta's grievances, "or administrate that medical orders be timely followed, including issuance of pain medication and initiation of physical therapy." *Id.* ¶ 43. Arrieta personally spoke with Reed on May 19, 2012 about his medical condition, medication, and the delay and denial of medical treatment, diagnosis, and medication; however, Reed "turned a blind eye to Arrieta not receiving medical treatment and medication." *Id.* ¶ 44.

Arrieta requests injunctive relief, compensatory, and punitive damages.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

# ANALYSIS

Reed moves to dismiss Arrieta's claim against her on the ground that a failure to respond to grievances about medical care does not create a private cause of action under Section 1983. She argues that the alleged failure to respond to a grievance does not create a substantive due process right, is at best a state law issue, and cannot support an equal protection claim because there are no allegations that Reed was intentionally or purposefully discriminatory in processing Arrieta's complaints. In response, Arrieta argues that his claim against Reed is an Eighth Amendment deliberate indifference to medical needs claim and disavows any due process or equal protection theory of liability. Because Arrieta has abandoned due process and equal protection, the Court need not address Reed's Fourteenth Amendment arguments.

Reed addresses the Eighth Amendment theory in her reply brief only. Arguments raised for the first time in reply are waived. *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010). However, because Arrieta anticipated this argument in his response to the motion to dismiss, and for the sake of resolving this issue expeditiously, the Court will address whether Arrieta has sufficiently stated a claim against Reed for deliberate indifference to medical necessity.

Reed argues that the review of a grievance, without some allegation of personal responsibility by an administrator for the constitutional deprivation, is not enough to state an Eighth Amendment claim and that Arrieta has not sufficiently pleaded Reed's personal involvement. A prison grievance process does not create a protected substantive due process interest and the mishandling of a grievance, without some personal involvement of the administrator in the denial of medical care, cannot be the basis for Section 1983 liability. *See Montanez v. Feinerman*, 439 Fed. App'x 545, 547 (7th Cir. 2011) ("if the defendants were not

involved in the underlying harm, the mishandling of an inmate grievance alone cannot be a basis for liability under § 1983").[2] Arrieta has alleged that, since 2012, Reed had direct knowledge of his medical injuries, that he personally spoke with Reed about his medical condition and the denial and delay of treatment, but that Reed "turned a blind eye" by refusing to recommend the proper treatment, answer the grievances, or take action to ensure his medical needs were met. Compl. ¶ 43. Reading the Complaint in the light most favorable to Arrieta, as the Court must, he has pleaded that Reed had notice of his serious medical condition and could have acted in response to his complaints of lack of medical treatment, but did not. These are allegations of personal involvement sufficient to plausibly state a claim of deliberate indifference. *See, e.g., Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (contrasting an administrator who investigated a complaint with one who ignored the grievances and explaining, the "question is whether the non-medical defendants had any duty to do more than they did, in light of their knowledge of the situation").

Reed further argues that she was entitled to defer to the judgment of the prison medical staff and furthermore, that she cannot be held responsible for the medical defendants' deliberate indifference under a *respondeat superior* theory. First, Arrieta has pleaded a direct, not vicarious, liability claim against Reed: that she failed to take appropriate action in response to his complaints. Second, while a non-medical defendant's reliance on the opinions of medical experts when evaluating a prisoner's complaints may inform the deliberate indifference analysis, *see Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)), this potential argument does not render Arrieta's claim unsustainable as a

---

[2] Reed cites an unpublished Seventh Circuit order from 2005 for this holding. *See Adams v. Durai*, 153 Fed. App'x 972 (7th Cir. 2005). However, unpublished orders that pre-date 2007 may not be cited as precedent. Seventh Circuit Rule 32.1(d) ("No order of this court issued before January 1, 2007 may be cited except to support a claim of preclusion (res judicata or collateral estoppel) or to establish the law of the case from an earlier appeal in the same proceeding.").

5

matter of law.  *See Hayes*, 546 F.3d at 527 ("Perhaps it would be a different matter if [the non-medical defendant] had ignored [plaintiff's] complaints entirely, but we can see no deliberate indifference given that he investigated the complaints[.]" (quoting *Greeno*, 414 F.3d at 656)). Finally, to address Reed's additional arguments, whether Arrieta will be able to prove that his treatment was blatantly inappropriate, or that Reed was intentionally or recklessly indifferent, is a question for summary judgment.  *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) (disapproving district court's requirement of proof at the complaint stage); *Johnson v. Doughty*, 433 F.3d 1001, 1013–15 (7th Cir. 2006) (considering deliberate indifference on summary judgment).

## CONCLUSION

For the foregoing reasons, Reed's motion to dismiss [41] is denied.  Reed is given until April 3, 2015 to answer the Complaint.

Dated: March 20, 2015

_____
SARA L. ELLIS
United States District Judge